**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01742 VAP (OPx)                    Date:  November 4, 2011

Title:   GALILEO FINANCIAL LLC AS TRUSTEE FOR MESSINA TRUST #27014 -v- GUSTAVO RUBIO, AND DOES 1 THROUGH 10, INCLUSIVE

==================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

      Marva Dillard                                    None Present
      Courtroom Deputy                                 Court Reporter

ATTORNEYS PRESENT FOR                       ATTORNEYS PRESENT FOR
PLAINTIFFS:                                 DEFENDANTS:

      None                                        None

PROCEEDINGS:      MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

      On September 23, 2011, Plaintiff Galileo Financial LLC as trustee for Messina Trust #27014 ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Gustavo Rubio ("Defendant") in the Superior Court of California, County of San Bernardino.  (Not. of Removal (Doc. No. 1) at 5.)  On November 2, 2011, Defendant removed the action on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (See Not. of Removal ¶ 2.)

MINUTES FORM 11                              Initials of Deputy Clerk ___md____
CIVIL -- GEN                                 Page 1

EDCV 11-01742 VAP (OPx)
GALILEO FINANCIAL LLC AS TRUSTEE FOR MESSINA TRUST #27014 v. GUSTAVO RUBIO , AND DOES 1 THROUGH 10, INCLUSIVE
MINUTE ORDER of November 4, 2011

    Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-- Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

    Defendant alleges the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "arise under" of federal law. (See Not. of Removal ¶ 2.) From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Accordingly, Defendant has not shown the Court's jurisdiction based on federal question under 28 U.S.C. § 1331.

    Defendant has not met his burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS the action to the Superior Court of California for the County of San Bernardino.

    **IT IS SO ORDERED.**